# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: M.W.**

**No. 13-0041** (Berkeley County 11-JA-103)

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Grandmother, by counsel R. Steven Redding, appeals the Circuit Court of Berkeley County's permanent placement order entered on December 11, 2012. The guardian ad litem, Stephanie Scales-Sherrin, filed her response on behalf of the child. The West Virginia Department of Health and Human Resources ("DHHR"), by Melinda Dugas, its attorney, has filed its response. Foster Parents K.J. and W.J., by counsel J. Mark Sutton, have also responded.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

A petition for immediate custody of minor children in imminent danger with aggravated circumstances was filed after the DHHR received a referral on August 8, 2011, alleging that the biological mother abandoned her child by leaving him with Petitioner Grandmother. On August 9, 2011, Petitioner Grandmother left the child with the DHHR and indicated that she was unable to care for him, that the biological mother was on parole in Maryland, and that the biological father had his parental rights terminated to two other children on July 31, 2006. Biological mother voluntarily relinquished her parental rights on September 6, 2011. The DHHR filed an amended petition to add an unknown father, which was followed by a second amended petition to remove the unknown father after the child's birth certificate was produced naming the biological father.

Following a permanency hearing, the circuit court found that Petitioner Grandmother was aware that the biological mother used drugs during her pregnancy, suspected that the biological mother used drugs in the presence of the child, permitted the biological mother to live with her despite knowing she was not allowed to live outside of Maryland due to being on probation, failed to contact biological mother's probation officer concerning her drug use, left the child with the biological mother knowing she was using drugs before taking the child to the DHHR, and may have difficulty protecting the child if the biological mother returned. Based on these findings, the circuit court ordered that placement of the child shall remain with the foster parents.

On appeal, petitioner argues the circuit court erred in denying her custody of the child. In support of this allegation, petitioner argues that she successfully completed a home study,

1

placement with her was in the child's best interest, she would protect the child from his biological mother, and the circuit court should have granted her custody pursuant to the grandparent preference found in West Virginia Code § 49-3-1(a)(3). In response, the guardian ad litem supports the placement of the child with the foster parents. The guardian ad litem argues the DHHR supported placement with Petitioner Grandmother based strictly on its own policies. The guardian ad litem argues placement with the foster parents is in the best interest of the child based on Petitioner Grandmother's relationship with the biological mother, and the amount of time and strong bond the child has developed with his foster parents.

After initially supporting placement with Petitioner Grandmother, the DHHR now fully supports the circuit court's placement order after reviewing the testimony and facts of the case. The DHHR argues that West Virginia Code § 49-3-1(a)(3) creates a rebuttable presumption that it is in the best interest for children to be placed with their grandparents. The DHHR argues it is in the child's best interest to remain with the foster parents because Petitioner Grandmother failed to visit or contact the child on a regular basis, declined invitations to become more integral in the child's life, and there is an ongoing concern about her ability to adequately protect the child based on Petitioner Grandmother's history of failing to intervene in the biological mother's illegal activities.

Lastly, the foster parents argue that the best interests of a child are paramount, and that the preference for placement with grandparents is not absolute. The foster parents argue that in reaching its decision, the circuit court relied on Petitioner Grandmother's failure to protect, the strong bond they have with the child while he has been in their care for over twenty months, and the finding that they are the child's psychological parents.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.* 228 W.Va. 89, 717 S.E.2d 873 (2011).

While it is true that the West Virginia Code creates a preference for abused and neglected children to be placed with grandparents, this Court has clarified that the preference is not absolute and does not require lower courts to place children with their grandparents in all

circumstances. *In re Elizabeth F.*, 225 W.Va. 780, 786-87, 696 S.E.2d 296, 302-03 (2010). Providing further explanation, we have held that "an integral part of the implementation of the grandparent preference, as with all decisions concerning minor children, is the best interests of the child." *Id*. In fact, once a lower court has properly determined that a child has been abused or neglected and that the natural parents are unfit, "the welfare of the infant is the polar star by which the discretion of the court is to be guided in making its award of legal custody." Syl. Pt. 8, in part, *In Re: The Matter Of Ronald Lee Willis*, 157 W.Va. 225, 207 S.E.2d 129 (1973). Based upon this guidance, "adoption by a child's grandparents is permitted only if such adoptive placement serves the child's best interests. If, upon a thorough review of the entire record, the circuit court believes that a grandparental adoption is not in the subject child's best interests, it is not obligated to prefer the grandparents over another, alternative placement that does serve the child's best interests." *In re Elizabeth F.*, 225 W.Va. at 787, 696 S.E.2d at 303 (2010).

Upon our review, the Court finds no error in the circuit court's order placing the child with the foster parents. The circuit court properly considered the totality of the circumstances that Petitioner Grandmother knew that the biological mother used drugs during her pregnancy, used drugs after the birth of the child, would disappear with the child, permitted the biological mother to care for the child while she was using drugs, allowed the biological mother to live with her in violation of her probation, failed to contact the biological mother's probation officer when she was using drugs and caring for the child, and the potential ability to protect the child from the biological mother. For these reasons, placement with Petitioner Grandmother is not in the child's best interests, and, as such, the circuit court was not required to grant her custodial preference.

This Court reminds the circuit court of its duty to establish permanency for the child. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the child within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

3

[i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court and the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II